

916 Prince Street, Suite 107  
Alexandria, Virginia 22314  
Tel   703.835.9085  
Fax  703.997.7665

www.gurapossessky.com

January 4, 2016

The Hon. Gino Agnello
Clerk, United States Court of Appeals
  for the Seventh Circuit
Room 2722
219 S. Dearborn Street
Chicago, IL 60604

    Re:   *Ezell* v. *City of Chicago*
           U.S. Court of Appeals, 7th Cir., Nos. 14-3312, 14-3322

           Response to Appellant/Cross-Appellee's Dec. 16, 2015
           Letter pursuant to Fed. R. App. P. 28(j)

Dear Mr. Agnello:

    This Court's decision in *Horsley* v. *Trame*, No. 14-2846, is inapposite. While *Horsley* involved a Second Amendment challenge to an age restriction, the similarities between it and the instant case end there. *Horsley* did not announce a rule upholding all age-related firearms restrictions, and it does not offer much guidance in evaluating the constitutionality of the zoning restrictions here at issue.

    *Horsley* concerned an Illinois requirement that adults aged 18-20 seeking a Firearm Owners Identification Card obtain consent from a parent, guardian or the Director of the State Police (subject to judicial review). This Court's finding that the requirement does not substantially burden firearms ownership by younger adults says absolutely nothing about the severe burdens imposed by Chicago's zoning laws on the ability to operate and access gun ranges. The record in this case speaks for itself.

To be sure, *Horsley* uncritically accepted various debatable claims regarding the hazards of allowing adults aged 18-20 to purchase firearms. However, absolutely nothing in the record supports the far-fetched claim, raised for the first time on appeal, that the human brain cannot safely tolerate learning to shoot firearms until age 18. Pl. Cross-Appeal Reply Br. at 30. The record, including Commissioner Krimbel's admissions, and the entirety of familiar American history, tradition, and experience belie that suggestion.

Finally, while Plaintiffs accept the truism that maturity is correlated to age, *Horsley* does not establish that youth, without more, justifies restrictions on fundamental constitutional rights. *Horsley* merely weighed the relationship of age to responsibility in unsupervised, general firearms ownership, against a regulation that was far from prohibitive. Here, the Court must decide how age correlates to the ability to safely engage in closely-supervised firearms training and education, in the context of a total ban.

Sincerely,

/s/ Alan Gura

Alan Gura
Counsel for Plaintiffs-Appellees/
Cross-Appellants

## Certificate of Compliance

This letter complies with the word count limitation of Fed. R. App. 28(j), as it contains 288 words in the body of the letter as automatically totaled by WordPerfect X4.

/s/ Alan Gura
Alan Gura

## Certificate of Service

On this, the 4th day of January, 2016, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alan Gura
Alan Gura